## Tristam C. Gilman & another *vs.* Samuel F. Haven.

A grantee in a deed cannot maintain an action upon a covenant of warranty therein, unless there has been an actual eviction, or what is, in law, equivalent thereto.

A grantee in a deed containing a covenant of warranty, who immediately mortgages back the estate to his grantor, and afterwards gives him possession under the mortgage, becoming his tenant, cannot maintain an action on the covenant of warranty in the deed to himself, on account of an entry and ouster by one having an older and better title than his grantor, because such entry and ouster is not against his possession, but against that of his grantor and mortgagee.

THIS action of covenant broken was submitted to the court upon the following agreed statement of facts: The Proprietors of locks and canals on Merrimack River, being lawfully seised in fee, on the 22d day of July, 1831, conveyed to one Josiah Crosby certain land, situated in the city of 'Lowell, and the said Crosby at the same time mortgaged back the same to said grantors. Said Crosby afterwards conveyed said land to the defendant, who subsequently, on the 19th day of November, 1832, being in possession, conveyed a portion of the same to the plaintiffs jointly by deed, containing the following covenants: " And I do covenant with said Gilman and Decatur, their heirs and assigns, that I am lawfully seised in fee of the aforegranted premises, that I have good right to sell and convey the same to the said Gilman and Decatur, and that I will warrant and defend the same premises to the said Gilman and Decatur, their heirs and assigns forever, against the lawful claims and demands of all persons, claiming since the land was originally purchased by the Proprietors of locks and canals on Merrimack River."

Simultaneously with the last-named conveyance, the plaintiffs mortgaged back the same premises to the defendant, to secure the sum of $400. On the 21st day of October, 1834, said Decatur conveyed his one undivided half of the premises purchased by himself and said Gilman, as aforesaid, to one Mathes, which conveyance was made subject to said mortgages to said Proprietors and the defendant. Mathes conveyed his interest in said undivided half to said Gilman by quitclaim deed, August 12th, 1835. On the 12th day of April, 1838, the defendant, at the request of said Gilman, who was then in sole possession of the premises, made entry on the premises for the purpose of foreclosing his said mortgage, for breach of condition thereof. And the said Gilman then made the following certificate on the back of the defendant's mortgage, viz: " This certifies that Samuel F. Haven, mortgagee within named, did, on this 12th day of April, 1838, in my presence and with my consent, make an open and peaceful entry into and upon the lands within described as conveyed in mortgage to said Haven by myself and Joshua

Decatur, said Haven then and there declaring himself to make said entry, and then and there claiming possession of said premises, by reason of the condition of said mortgage having been, and then and there being broken, and for the purpose of foreclosing said mortgage, the title of said premises being now wholly in myself.   T. C. Gilman."

This certificate was never recorded, and said Gilman remained in possession of the premises, as the tenant of the defendant, and continued so to hold the same until the entry of said proprietors hereinafter named.   Subsequently, on the 4th day of May, 1839, the said proprietors entered upon the whole of the land covered by their said mortgage, including the portion conveyed to the plaintiffs, as aforesaid, and finally and effectually foreclosed their said mortgage, for breach of condition thereof.

If, upon these facts, the court shall be of opinion that this action can be maintained, the cause is to be referred to an auditor or jury, for assessment of damages; otherwise judgment is to be entered for the defendant.

Before the argument, the writ was amended by striking out the name of one plaintiff, Joshua Decatur.

*J. G. Abbott*, for the plaintiffs.

*F. Hilliard*, for the defendant.

DEWEY, J.   The writ having been amended on motion of the plaintiff, by striking out the name of Decatur, one of the grantees in the deed of the defendant, and who had ceased to be a party to the covenants running with the land, having before the breach of the same, conveyed all his interest in the land to one Mathes, who subsequently conveyed the same to Gilman, the case is now one in which the plaintiff Gilman seeks to recover damages for the breach of the covenant of warranty contained in the defendant's deed.   To sustain such claim, there must not only be shown a want of title on the part of the defendant, but an actual eviction of Gilman from the premises, or what in law is deemed equivalent.   The premises were, at the time of the conveyance by the defendant, incumbered by a previous mortgage to the Proprietors of locks and canals on Merrimack River, executed by the grantor

of the defendant. This incumbrance did not operate to defeat
the right of the defendant to convey, subject thereto, and the
grantee having once entered under his deed, an ouster by
the Proprietors of locks and canals, under their prior mortgage
title, would have presented a plain case for a recovery upon
the defendant's covenant of warranty, but for the existence of
certain other facts, the effect of which raise the only question
in the case. At the time of making the conveyance to Gil-
nan and Decatur, they reconveyed the premises to the defend-
int by a mortgage deed given to secure the payment of the
consideration money. The grantees entered into possession
under their deed from defendant. On the 12th April, 1838,
Gilman then holding the title under the deed of the defend-
ant, and having the sole possession of the premises, the de-
fendant, with the full consent of Gilman, entered upon the
premises for breach of condition of his mortgage, and for the
purpose of foreclosing the same, and this was certified to
in writing by Gilman, under that date, and it is agreed in the
case, that after that day Gilman occupied the premises as the
tenant of the defendant, who was thus holding the same
under his mortgage. Subsequently on 4th May, 1839, the
prior mortgagee, the Proprietors of locks and canals, en-
tered upon the same, and foreclosed their mortgage by three
years' possession. The plaintiff Gilman has done nothing by
way of discharging his mortgage to the defendant, but the
same remains in full force, though not foreclosed, because the
proper certificate to that effect was not recorded in the regis-
try of deeds. This case turns entirely upon the state of facts
as to the possession of the premises on 4th May, 1839. Who
was evicted by the entry of that date, by the Proprietors of
the locks and canals ? If the plaintiff, then he should recover.
If otherwise, then he must fail to sustain his action on the
covenant of warranty. The agreed facts are, that more than
a year previous, the plaintiff failing to perform the condition
of his mortgage to the defendant, had voluntarily surrendered
the possession to him on account of such breach of condition,
and had put him into possession, and was, therefore, a mere
tenant at will of the defendant, unless he should thereafter, by

payment of what was due the defendant, be reinstated as to the same. Until that was done, he had no possession nor right of possession of the premises. This state of things as between these parties, has never been changed. Nothing further, by any payment or performance of the condition of the mortgage, on the part of Gilman, has taken place. Under this state of facts, we are of opinion that the entry and ouster by the Proprietors of the locks and canals, was solely an entry and ouster of the defendant, that the plaintiff having voluntarily yielded the possession to him for breach of the mortgage, could not regain it, or claim any damages for any disturbance, or any ouster as to the same as against the defendant, while this relation between the parties continued unchanged. The result is, therefore, that there has been no such eviction of the plaintiff, as will subject the defendant to an action on his covenant of warranty. As to the other covenants, no question is before us. *Judgment for the defendant.*